Plaintiff sues for $100,000 upon a joint and several bond executed by the defendants. The bond provides that plaintiff shall receive $100,000 in the event that ‘ the first advance under the building loan agreement ” “ shall not be closed because of reasons within Alexander’s Securities Corporation’s control”. The allegations of the complaint itself make it clear that the ‘ ‘ building loan agreement ’ ’ referred to in the bond is not the letter of commitment mentioned in the bond, but rather the document referred to in said letter of commitment as a “ building loan agreement The letter of commitment signed by plaintiff and Alexander’s Securities Corporation, is made part of the complaint, as “ Exhibit B ”. Its provisions clearly contemplate that the parties to the agreement embodied in the letter of commitment would enter into a ‘ ‘ building loan agreement ” some time “ before December 31,1957 ”, for the building loan agreement is to provide ‘ that construction shall commence not later than December 31, 1957 ”. The letter itself does not specify the date when the first advance under the building loan agreement is to be made or the amount to be advanced. Indeed, the letter provides that ‘ ‘ the loan proceeds shall be advanced upon the completing of the stages of construction described in and as otherwise provided by the building loan agreement”. Until the execution of the building loan agreement there cannot be a failure to close ‘ the first advance under the building loan *245 agreement ”. (Italics supplied.) The execution of the building loan agreement was thus a condition precedent to any liability of the defendants upon the bond. A building loan agreement is customarily drawn by the lender, and the provision of the letter of commitment that the agreement ‘ shall contain terms, conditions and provisions satisfactory to us and our counsel ’ ’ tends to confirm that the plaintiff was to prepare the agreement. The last sentence of the letter of commitment, added by the defendant Alexander’s, immediately before its signature, reads: “ Tour (plaintiff’s) attorney is authorized to select a title company acceptable to you and to proceed with title examination at my expense ”. The complaint is silent as to whether a building loan agreement Avas ever executed, or, if not executed, as to whether the failure of the parties to execute such an agreement was excusable, from plaintiff’s standpoint. The pleading does allege that on or about June 19, 1958, defendant Retail Realty, Inc. (formerly named Alexander’s Securities Corporation) notified plaintiff that it would not take any part of the loans provided for in the commitment. . This notification Avould not, however, excuse a prior failure to submit a building loan agreement for execution before December 31, 1957. Nor could the notification create a default under a bond conditioned upon failure to close the first advance under a building loan agreement, in the absence of an allegation that such an agreement came into existence.
The motion is granted, Avith leave to serve an amended complaint within 10 days from the service of a copy of this order with notice of entry.