Sidney A. Fine, J.
This is an action upon a bond, the obligation of which is conditioned upon the failure of the defendant Retail Realty, Inc. (formerly named Alexander’s Securities Corporation) to take the first advance under a certain building loan agreement between that defendant and the plaintiff. The bond was given pursuant to a letter agreement dated October 23, 1957, which in turn provided for the execution by the parties of a separate building loan agreement calling for advances of “loan proceeds” in an aggregate amount not exceeding $3,600,000 “upon the completing of the stages of construction described in and as otherwise provided by the building loan agreement ”.
The original complaint was dismissed with leave to amend, on the ground that the execution of the building loan agreement was a condition precedent to any liability of the defendants upon the bond, and the complaint was silent as to whether a building loan agreement was ever executed, or, if not executed, as to whether the failure of the parties to execute such an agreement was excusable from the plaintiff’s standpoint (Bowery Sav. Bank v. Retail Realty, 16 Misc 2d 243, affd. 8 A D 2d 707).
*753 The amended complaint admits that no building loan agreement was ever executed, and alleges as excuses therefor the repudiation by defendant Retail Realty, Inc. of the purported agreement and the continued failure of said defendant to agree with plaintiff upon a “ stage-payment schedule ” to be inserted in the contemplated building loan agreement. The result, according to the amended complaint, is that at the time of said defendant’s repudiation “ essential terms of the proposed building loan agreement were still open, under negotiation and awaiting response from Retail as to plaintiff’s proposals therefor ”.
The defendant Retail Realty, Inc. now moves for a dismissal of the amended complaint as legally insufficient, on the ground that it appears on the face thereof that material terms of the purported agreement between the parties were left for future negotiation, thereby negating the existence of any enforcible contract (Willmott v. Giarraputo, 5 N Y 2d 250, 253).
It seems clear that the terms of the contemplated building loan agreement as to the amounts to be advanced at particular stages of the construction were of vital importance to defendant Retail Realty, Inc. and that such terms have not been agreed upon between the parties but were left for future negotiation. As noted, the amended complaint itself refers to the missing “ stage-payment schedule ”as“ essential terms of the proposed building loan agreement ” which were “ still open ” and “ under negotiation” at the date of said defendant’s repudiation. Although the letter agreement of October 23,1957 provided that advances to be made under the building loan agreement were not to exceed ‘ ‘ the maximum loan permissible to savings banks under applicable law”, plaintiff did not obligate itself to make advances at any specified time or times, nor did it obligate itself to make advances of the full maximum amounts permissible to savings banks. Plaintiff was thus free to submit a building loan agreement calling for advances in such small amounts in relation to the stages of construction reached from time to time as to render the building loan of little or no value to defendant Retail Realty, Inc. Since the terms of the building loan agreement as to what amounts would be advanced at what stages of construction were of vital importance to said defendant and have never been agreed upon, there was never a binding contract between it and plaintiff.
The letter agreement of October 23, 1957 does not state that the building loan agreement was to contain provisions for stage advances customarily contained in such agreements. Indeed, there is no suggestion in the amended complaint that there is any custom as to the amounts to be advanced at various stages, *754 which could be regarded as being imported into the purported agreement. Certainly, the court is in no position to take judicial notice of the existence of such a custom, for it does not know whether such a custom does in fact exist.
In short, since the purported agreement of the parties was conditioned upon the execution of a building loan agreement whose terms were to be agreed upon in the future, an event which did not occur, there was no binding contract between the parties (Willmott v. Giarraputo, supra). It follows that the bond given to secure the taking of the first advance under the proposed building loan agreement may not be enforced.
The motion to dismiss the amended complaint for insufficiency is granted.